# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ( | Case No. 14-17385 |
| | ( | |
| Scott & Karen Westfall, | ( | Chapter 13 |
| | ( | |
| Debtors. | ( | Judge: Harris |

### DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN

Now come Debtors, by and through counsel, and move to modify the Chapter 13 Plan pursuant to 11 U.S.C. §1329, and in support states as follows:

1. The Debtors' Amended Chapter 13 Plan was filed on December 19, 2014, and confirmed on March 5, 2015.

2. Debtor-husband became unemployed in April 2017 following a heart attack and has been receiving unemployment compensation while seeking disability.

3. Debtors seek a retroactive moratorium of payments in the amount of $9,749.91.

4. Debtors seek to modify the Chapter 13 Plan to reduce their plan payments to $2,835.00 per month beginning September 1, 2017. An amended Schedule I and J will be filed simultaneously.

5. In addition, Debtors seek to modify the Chapter 13 Plan to reduce the dividend being paid to unsecured creditors from 100% to 54% or $10,297.08, whichever is greater; however, trustee shall not be required to recover any funds already disbursed at the time of the filing of this motion. An amended plan is being attached hereto.

6. The proposed modification is being made in good faith, and the plan will complete within 60 months pursuant to 11 U.S.C. § 1329(c).

**WHEREFORE,** Debtors respectfully request this Court enter an order of modification as outlined above, and for such other relief as this Court deems just.

Respectfully submitted,

/s/Debra E. Booher
Debra E. Booher, (0067804)
Attorneys for Debtors
charlotte@bankruptcyinfo.com
1350 Portage Trail
Cuyahoga Falls, OH 44223
Tel 330.253.1555 / Fax 330.253.1599

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was mailed by regular U.S. Mail (unless otherwise noted) this 4th day of October, 2017 to the following parties:

The U.S. Trustee at registered email @usdoj.gov
Lauren Helbling, Trustee at ch13trustee@ch13cleve.com, lhelbling13@ecf.epiqsystems.com
All creditors per the attached

/s/ Debra E. Booher
Debra E. Booher (0067804)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | | |
|---|---|---|
| In Re: | ) | **Chapter 13 Case No.: 14-17385-aih** |
| | ) | |
| **Scott & Karen Westfall** | ) | **Judge** <u>Harris</u> |
| | ) | |
| Debtor(s). | ) | Original Chapter 13 Plan |
| | ) | X Modified Chapter 13 Plan, dated <u>10/4/2017</u> |

**************************************************************************************

**NOTICE OF SPECIAL PROVISIONS (Check One)**

    This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

  X This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

**NOTICE OF DISCHARGE ELIGIBILITY**
   The Debtor is eligible for discharge unless otherwise indicated below:

   Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

   Joint Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

**ATTENTION CREDITORS AND PARTIES IN INTEREST**
This plan sets forth how the Debtor or Debtors ("Debtor") propose to pay claims.  You should read this plan carefully and discuss it with your attorney.  Anyone who wishes to oppose any provision of this plan must file a timely written objection with the court.  This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed.  Creditors must file a proof of claim with the court in order to receive distributions under this plan.

_____

**1. PAYMENTS**
**A.** The Debtor shall make monthly payments to the Chapter 13 Trustee ("Trustee") in the amount of $<u>  2,835</u> per month ("Plan Payment") for at least the duration of the applicable commitment period, unless all allowed claims are paid in full in a shorter period of time.

**B.** (Check One)
   X The applicable commitment period is 36 months.

     The applicable commitment period is 60 months.

**C.** Unless the court orders otherwise, the plan will not be considered complete until either (i) all allowed claims are paid in full, or (ii) the plan has run for at least the applicable commitment period and at least the amount specified in paragraph 7 has been paid to unsecured creditors.

**D.** Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any conduit payments paid by the Trustee.

1

## 2. DISTRIBUTIONS

**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraph 5(C); (v) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (vi) monthly payments as provided for in paragraph 6; and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. The Trustee may distribute amounts different from the monthly payments specified in the plan if the Trustee determines such deviation is appropriate or reasonably necessary for the administration of the plan.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court orders otherwise, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan. Conversely, distributions on account of claims in paragraphs 3(B), 4(B) and 4(C) will be based upon the classification and amount stated in the plan rather than the classification and amount stated in the claim holder's proof of claim. Unless otherwise set or mandated by statute, interest on all secured personal property claims provided for in this plan shall be paid pursuant to paragraph 4(D).

## 3. CLAIMS SECURED BY REAL PROPERTY

**A. Mortgage Arrearages and Real Estate Tax Arrearages (Paid per the Proof of Claim)**

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| **Chase/Seterus** | **3060 Stoney Creek Drive North Royalton, OH 44133** | $34,317 | $650 |

**B. Other Real Estate Claims (Paid per the Plan)**

Trustee shall pay the monthly payment amount to creditors up to the amount and interest rate as specified below. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the amount, interest rate and monthly payment specified below will be binding under 11 U.S.C §1327.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Third Federal Savings** | **3060 Stoney Creek Drive North Royalton, OH 44133** | $14,638 | | $250 |

2

### C. Conduit Payments

Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case (or the first payment due after the filing of a modified plan if the modified plan proposes to change the treatment of a mortgage from "non-conduit" to "conduit"). Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) |
|---|---|---|
| **Chase/Seterus** | **3060 Stoney Creek Drive North Royalton, OH 44133** | **$1,536** |

### 4. CLAIMS SECURED BY PERSONAL PROPERTY

#### A. Secured Claims (Paid per the Proof of Claim)

Claims specified below are debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Trustee shall pay the following claims, with interest per paragraph 4(D), in equal monthly payments as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| | | |

#### B. Other Secured Claims (Paid per the Plan)

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims up to the secured amount, with interest per paragraph 4(D), in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the secured amount and monthly payment specified below will be binding under 11 U.S.C. §1327.

| Creditor | Collateral Description | Secured Amount | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| | | | |

#### C. Pre-confirmation Adequate Protection Payments (Paid per the Plan)

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| | | |

#### D. Interest

The interest rate to be paid on all secured personal property claims provided for in this plan shall be the prime rate plus a risk factor of 2.0%. The applicable prime rate shall be fixed for the life of this plan at the U.S. prime rate shown in the Wall Street Journal for Money Rates as of the date of the entry of the confirmation order. Only through separate order may a party-in-interest obtain court approval to apply a different interest rate. This provision shall not alter interest rates set or mandated by statute.

**5. DOMESTIC SUPPORT OBLIGATIONS (Paid per the Proof of Claim)**
**A.** Debtor     does    X does not    have domestic support obligations under 11 U.S.C. §101(14A).

**B.** Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) unless the holder is a minor. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee in a private document contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

Holder Name                Address

**C.** Trustee shall pay the monthly payment amount to creditors for domestic support obligation arrearages as specified below. Debtor shall pay the holder(s) of non-arrearage claims for domestic support obligations as those payments ordinarily come due unless otherwise specified in paragraph 11 – Special Provisions.

| Creditor | Creditor Address | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|

**6. OTHER PRIORITY CLAIMS (Paid per the Proof of Claim)**
Trustee shall pay the monthly payment amount to creditors for allowed unsecured priority claims as specified below.

| Creditor | Monthly Payment (Paid by Trustee) |
|---|---|
| **RITA** | $50 |
| **Ohio Dept. of Taxation** | $40 |

**7. GENERAL UNSECURED CLAIMS**
Debtor estimates the total of the non-priority unsecured debt to be $ 18,862.38. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of $10,297.08 or 54%, whichever is greater. Trustee is authorized to increase the amount paid to unsecured creditors in order to comply with paragraph 1 of this plan.

**8. PROPERTY TO BE SURRENDERED**
**A.** Debtor surrenders the property described below and the creditor may file a claim for the deficiency, which will be treated as a non-priority unsecured claim. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|

**9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES (Pay per the Proof of Claim)**
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages as specified below. Debtor shall pay all post-petition payments that ordinarily come due.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|

4

**10. OTHER PLAN PROVISIONS**

**A**. Property of the estate shall revest in the Debtor   X upon confirmation.    upon discharge, dismissal or completion.  If the Debtor has not made a designation, property of the estate shall revest in the Debtor upon confirmation.  Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.  All property in which the Debtor retains possession shall be insured by the Debtor.  Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss relating to property which is in the possession and control of the Debtor.

**B.** Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**C.** Trustee shall pay any post-petition claim filed and allowed under §1305(a)(1).

**D.** The following co-debtor claims will be paid by the co-debtor outside the plan:

<u>Creditor</u>                <u>Property Description</u>

**11. SPECIAL PROVISIONS**
This plan shall include the provisions set forth in the boxed area below.  **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1 of this plan.**  Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

---

Debtors shall turnover any proceeds from their potential malpractice claim that they receive during the Chapter 13 plan.

---

/s/ Scott Westfall  
Scott Westfall, Debtor

/s/ Karen Westfall  
Karen Westfall, Debtor

Date: 10/4/2017

/s/ Debra E. Booher  
ATTORNEY FOR DEBTOR

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0647-1<br>Case 14-17385-aih<br>Northern District of Ohio<br>Cleveland<br>Wed Oct  4 08:25:06 EDT 2017 | BSI Financial Services<br>1425 Greenway Drive, Ste 400<br>Irving, TX 75038-2480 | Federal National Mortgage Association<br>c/o Rosicki, Rosicki & Associates<br>51 E. Bethpage Road<br>Plainview, NY 11803-4224 |
| Federal National Mortgage Association ("<br>c/o Rosicki, Rosicki & Associates, P.C.<br>51 East Bethpage Road<br>Plainview, NY 11803-4224 | Ohio Department of Taxation<br>c/o William C. Huffman<br>24441 Detroit Road, Ste. 200<br>Westlake, OH 44145-1543 | US Bank Trust N.A, as Trustee of Bungalow Se<br>The Law Office of Michelle Ghidotti<br>5120 E La Palma<br>Suite 206<br>Anaheim Hills, CA 92807-2091 |
| Howard M. Metzenbaum U.S. Courthouse<br>United States Bankruptcy Court<br>Howard M. Metzenbaum U.S. Courthouse<br>201 Superior Avenue<br>Cleveland, OH 44114-1235 | 1-Chase/Seterus Bankruptcy Dept.<br>PO Box 2206<br>Grand Rapids, MI 49501-2206 | 2-Third Federal Savings<br>7007 Broadway Ave.<br>Cleveland, OH 44105-1490 |
| AT&T U-verse<br>PO Box 5014<br>Carol Stream, IL 60197-5014 | AT&T U-verse<br>c/o Credit Collection Services<br>Two Wells Avenue<br>Newton Center, MA 02459-3225 | Atlas Acquisitions LLC<br>on behalf of Oliphant Financial, LLC<br>294 Union St.<br>Hackensack, NJ 07601-4303 |
| Atty. General of US<br>c/o Department of Justice<br>Tax Div. Civil Trail, Northern<br>P.O. Box 55, Ben Franklin Station<br>Washington, DC 20044-0055 | Barclay's<br>PO Box 8801<br>Wilmington, DE 19899-8801 | Barclay's<br>c/o Capital Management Services<br>698 1/2 South Ogden Street<br>Buffalo, NY 14206-2317 |
| CERASTES, LLC<br>C O WEINSTEIN,PINSON AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-1340 | Chase/Seterus<br>c/o Atty. Rachel Pearson<br>PO Box 5480<br>Cincinnati, OH 45201-5480 |
| City of North Royalton<br>13834 Ridge Road<br>North Royalton, OH 44133-4853 | City of North Royalton<br>14600 State Road<br>North Royalton, OH 44133-4896 | Cleveland Clinic<br>PO Box 89410<br>Cleveland, OH 44101-6410 |
| Cleveland Clinic<br>c/o Revenue Group<br>PO Box 93983<br>Cleveland, OH 44101-5983 | Cleveland Clinic Physician<br>PO Box 89410<br>Cleveland, OH 44101-6410 | Cleveland Clinic Physician<br>c/o MBA Law<br>2222 Texoma Parkway,Suite 160<br>Sherman, TX 75090-2482 |
| Cleveland Clinic Physician<br>c/o Revenue Group<br>PO Box 93983<br>Cleveland, OH 44101-5983 | Credit First NA<br>PO Box 818011<br>Cleveland OH 44181-8011 | (p)DRS HILL AND THOMAS COMPANY<br>5700 SOUTHWYCK BLVD<br>TOLEDO OH 43614-1509 |
| Drs. Hill & Thomas<br>c/o Fidelity National Collections<br>PO Box 2055<br>Alliance, OH 44601-0055 | Fed Ex<br>PO Box 371461<br>Pittsburgh, PA 15250-7460 | Fed Ex<br>c/o NCO Financial Systems, Inc.<br>PO Box 967<br>Horsham, PA 19044-0967 |

| | | |
|---|---|---|
| Federal National Mortgage Association<br>(Fannie Mae) c/o Seterus, Inc.<br>PO Box 1047<br>Hartford, CT 06143-1047 | Firestone<br>PO Box 818011<br>Cleveland, OH 44181-8011 | Firestone<br>c/o Client Services<br>3451 Harry S. Truman Blvd.<br>Saint Charles, MO 63301-4047 |
| HSBC/Capital One<br>Bankruptcy Department<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | HSBC/Capital One<br>c/o ARS National Services<br>PO Box 469048<br>Escondido, CA 92046-9048 | HSBC/Capital One<br>c/o Alliance One<br>PO Box 3111<br>Southeastern, PA 19398-3111 |
| HSBC/Capital One<br>c/o Cavalry Portfolio Services<br>PO Box 27288<br>Tempe, AZ 85285-7288 | IRS Special Procedures<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | JH Portfolio Debt Equities<br>PO Box 339<br>Woodland Hills, CA 91365-0339 |
| JH Portfolio Debt Equities<br>c/o Atty. Martin Bunce<br>25651 Detroit Road, Ste. 203<br>Westlake, OH 44145-2415 | Office of US Attorney<br>Carl B. Stokes US Courthouse<br>801 W. Superior Ave. #400<br>Cleveland, OH 44113-1852 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216-0530 |
| Ohio Dept. of Taxation<br>c/o Attorney General<br>Attn: Bankruptcy Staff<br>150 E. Gay Street, 21st Floor<br>Columbus, OH 43215-3191 | Parma Community General Hospital<br>MB ROI<br>PO Box 549<br>Lutherville Timonium, MD 21094-0549 | Parma Community General Hospital<br>PO Box 931242<br>Cleveland, OH 44193-1471 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Quantum3 Group LLC as agent for<br>CF Medical LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quantum3 Group LLC as agent for<br>CP Medical LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| RITA<br>PO Box 470537<br>Broadview Hts, Ohio 44147-0537<br>Attn Legal Dept | (p)REGIONAL INCOME TAX AGENCY<br>PO BOX 470537<br>ATTENTION LEGAL DEPARTMENT<br>BROADVIEW HEIGHTS OH 44147-0537 | Seterus, Inc.<br>P.O. Box 4121<br>Beaverton, OR 97076-4121 |
| The Ohio Bell Telephone Company<br>c/o AT&T Services Inc.<br>Karen A. Cavagnaro - Lead Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | Third Federal Savings<br>c/o Atty. James Sassano<br>24755 Chagrin Blvd., Ste. 200<br>Beachwood, OH 44122-5690 | Third Federal Savings and Loan<br>Association of Cleveland<br>7007 Broadway Avenue<br>Cleveland, OH 44105-1441 |
| Third Federal Savings and Loan Association o<br>7007 Broadway Avenue<br>Cleveland, OH 44105-1441 | US Bank Trust N.A, as Trustee<br>c/o BSI Financial Services<br>1525 Greenway Dr., Ste. 400<br>Irving, TX 75038 | Debra E Booher<br>1350 Portage Trail<br>Cuyahoga Falls, OH 44223-2105 |
| Debra E. Booher<br>Debra Booher & Assoc., Co., LPA<br>1350 Portage Trail<br>Cuyahoga Falls, OH 44223-2105 | Karen M. Westfall<br>3060 Stoney Creek Drive<br>North Royalton, OH 44133-4165 | Lauren A Helbling<br>200 Public Square<br>#3860<br>Cleveland, OH 44114-2322 |

Scott A. Westfall
3060 Stoney Creek Drive
North Royalton, OH 44133-4165

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Drs. Hill & Thomas
PO Box 643026
Cincinnati, OH 45264-3026

Portfolio Recovery Associates LLC
PO Box 12914
Norfolk, VA 23541-1223

(d)Portfolio Recovery Associates LLC
c/o Atty. James Colabianchi
PO Box 12903
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541

RITA
PO Box 94569
Cleveland, OH 44101-4569

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Seterus, Inc

(u)THIRD FEDERAL SAVINGS & LOAN ASSOCIATION O

(d)Ohio Dept. of Taxation
Bankruptcy Division
PO Box 530
Columbus, OH 43216-0530

End of Label Matrix
Mailable recipients    60
Bypassed recipients     3
Total                  63